UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WOMEN'S STUDIES ORGANIZATION OF RHODE ISLAND COLLEGE; Nichole Aguiar, individually and as President of the Women's Studies Organization; Sarah Satterlee, individually and as Vice-President of the Women's Studies Organization; Jennifer Magaw, individually and as Treasurer of the Women's Studies Organization, | : | C.A. No. 06-cv-00525-S |
| Plaintiffs, | : | |
| v. | : | |
| RHODE ISLAND COLLEGE; John Nazarian, individually and in his capacity as President of Rhode Island College; Gary M. Penfield, individually and in his capacity as Vice President for Student Affairs of Rhode Island College, | : | |
| Defendants. | : | |

MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendants hereby move this Honorable Court for an order dismissing plaintiff's complaint pursuant to Rule 12 (b)(6). As is more particularly outlined in the supporting Memorandum of Law, the Defendants are not an arm of the government and therefore can not be liable under the First Amendment. Moreover, the Defendants at all times relevant hereto were not acting under color of law and are therefore not subject to 42 U.S.C. § 1983.

Respectfully submitted,

DEFENDANTS
By their Attorney,
/s/Nicholas Trott Long, #2022
101 Dyer Street, Suite 400
Providence, RI 02903
401-456-8118
401-456-8782
nicholas@ntlong.com

CERTIFICATION

I, the undersigned, hereby certify that a copy of the Motion of Dismiss with an accompanying memorandum of law was electronically served this 2nd day of February 2007, on Jennifer Azevedo Esq., azevedolaw@yahoo.com via the Electronic Case Filing System.

/s/Nicholas Trott Long

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WOMEN'S STUDIES ORGANIZATION OF RHODE ISLAND COLLEGE; Nichole Aguiar, individually and as President of the Women's Studies Organization; Sarah Satterlee, individually and as Vice-President of the Women's Studies Organization; Jennifer Magaw, individually and as Treasurer of the Women's Studies Organization, | : | C.A. No. 06-cv-00525-S |
| Plaintiffs, | : | |
| v. | : | |
| RHODE ISLAND COLLEGE; John Nazarian, individually and in his capacity as President of Rhode Island College; Gary M. Penfield, individually and in his capacity as Vice President for Student Affairs of Rhode Island College, | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## I. FACTS AND TRAVEL

Plaintiffs Aguiar, Satterlee, and Magaw are students at Rhode Island College and are officers of Plaintiff Women's Studies Organization, an unincorporated student association.

Defendant Rhode Island College is a unit of the Rhode Island Board of Governors for Higher Education, a public corporation created pursuant to

Rhode Island Gen. Laws § 16-591, et seq. Defendants Nazarian and Penfield are employees of the Rhode Island Board of Governors for Higher Education who at all times relevant to the acts alleged in Plaintiffs' complaint were acting within the scope of their employment as officers of the College.

In late November 2005, Plaintiffs sought permission from various College officials to install six "Burma-Shave" signs on a grassy area adjacent to College Road, the main entranceway to the College. The permission was granted by the College officials although placing signs in the area in question violated the College's long-standing policy and practice of keeping the entrance road to the College free of signage, save for a single sign marking the entrance to the College's East Campus. Moreover, the signs were of the Plaintiffs' own design and construction and did not conform with the College's visual design standards. As part of the process the Plaintiffs filled out a form that was signed off on by College administrative staff, including an employee of the office of campus security and safety. The signs were erected by Plaintiffs on Sunday December 4 and their presence was brought to the attention of President Nazarian on the evening of the same day.

Defendant Nazarian telephoned the office of campus security and safety to inquire as to whether the signs had been erected with permission of College officials. The officer who answered the telephone apparently was unaware of the Plaintiffs having obtained authorization to erect the signs and he therefore

advised Defendant Nazarian that he was unaware of any authorization for the erection of the signs. Whereupon, Defendant Nazarian ordered that the signs be removed.

On December 5, 2005 Defendant Penfield arranged for the return of the signs to the Plaintiffs and on the next day he met with the Plaintiffs and explained that permission to erect the signs along College Road should not have been given because no signage of any kind was permitted in the specific location chosen by the students and, more generally, only signage of a directional nature announcing a specific event, meeting the College design standards, and located in the "park" in front of Roberts Hall was permitted along College Road.

During the ensuing months the Plaintiffs again sought permission to erect their "Burma-Shave" signs along the entrance road to the College and that permission was denied. The College and specifically Defendant Penfield, advised the Plaintiffs that they were free to display their signs, (or replicas thereof), elsewhere on the campus in those locales traditionally dedicated as fora for the free expression of a wide range of views. These include, inter alia, the College's main academic quadrangle the Student Union, the main academic quadrangle, and bulletin boards in all of the College's academic buildings.

On March 8, 2006, the Plaintiffs held an event in the College's Student Union entitled "Keep Your Rosaries Off Our Ovaries," featuring an off-campus speaker

and subsequent discussion. The Plaintiffs were permitted to and did prominently display their original "Burma-Shave" signs inside and outside of the Student Union and also posted, with the College's approval, posters throughout the campus on bulletin boards and elsewhere in academic buildings. The College offered to construct and install, in the traditionally designated area front of Roberts Hall, a directional sign announcing the Plaintiffs' event that would contain all the words that had been printed on the original "Burma-Shave" posters but would conform to the College's design standards. Plaintiffs declined this offer.

On April 6, 2006 Defendant Penfield, on behalf of the College, formally apologized to the Plaintiffs for the December 2005 removal of the Plaintiffs' signs. The letter acknowledged it was entirely an administrative SNAFU within the College that caused the Plaintiffs to be given authorization to erect the signs in contravention of College policy and practice.

## II. ARGUMENT

The Defendant Rhode Island College is not a government entity, Defendants Nazarian and Penfield are not government employees and any actions they took or failed to take in relation to the case at bar were not under the color of law.

It is fundamental that the First Amendment is concerned with government

action only and § 1983 applies only to state actors or those private persons charged with violating constitutional rights who are engaged in an exclusively governmental function, Sarro v. Cornell Corrections, Inc. 248 F.Supp.2d 52, (D.R.I.,2003); Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114. (D.R.I.,2004) "Extensive regulation and public funding, either alone or taken together, will not transform a private actor into a state actor;" Leeds v. Meltz, 85 F.3d 51, (2d Cir. 1996), citing Blum v. Yaretsky, 457 U.S. 991, 1004, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1982).

This court and the First Circuit Court of Appeals have determined on several occasions that the Defendant Rhode Island College is not an alter ego or arm of the state of Rhode Island, University of Rhode Island v. A.W. Chesterton Co., 2 F. 3d 1200 (1st Cir. 1993), Vanlaarhoven v. Newman, 564 F. Supp. 145 (D.R.I. 1983), Rollins v. Board of Governors for Higher Education, 761 F. Supp. 930, (D.R.I. 1990). Instead, it is part of a public corporation and "citizen" of Rhode Island for diversity purposes, empowered to sue and be sued in its own name. It enjoys neither 11th Amendment nor sovereign immunity, *Id.*

The cited cases, of course, deal with the University of Rhode Island, but like the College, the University has no legal status of its own but is part of the Board of Governors for Higher Education. Hence, the Board is the real party in interest, University of Rhode Island, at 1203. The Board is a public corporation established pursuant to R.I. Gen Laws § 16-59-1, et seq. That law provides,

inter alia, that the Board ". . . be invested with the legal title (in trust for the state) to all property, real and personal, now owned by and/or under the control or in custody of the board of regents for education for the use of the University of Rhode Island, Rhode Island College, Community College of Rhode Island and the system of community colleges of Rhode Island including all departments, divisions, and branches of these."

The First Circuit, in reaching its conclusion that the Board of Governors is an independent entity, propounded "an illustrative list of criteria-by no means exhaustive-often germane to the Eleventh Amendment “arm” or “alter ego” determination, including whether the entity (1) performs an “essential” or “traditional” governmental function, as opposed to a nonessential or merely proprietary one; (2) exercises substantial autonomy over its internal operations; (3) enjoys meaningful access to, and control over, funds not appropriated from the State treasury; (4) possesses the status of a separate “public corporation”; (5) may sue and be sued in its own name; (6) can enter into contracts in its own name; (7) has been granted a state tax exemption on its property; or (8) has been expressly debarred from incurring debts in the State's name or behalf.[citations omitted] . . . These diverse considerations are designed to disclose the extent to which state law endows the incorporated State-related entity with the operational authority, discretion, and proprietary resources with which to function independently of the State.” University of Rhode Island v. A.W. Chesterton Co., 2 F. 3d 1200, at 1208 (1st Cir. 1993).

These elements are consonant with those standards used by courts that have faced the question of whether a defendant is a "state actor" for constitutional tort or § 1983 claims.

That the state created the Board of Governors is of no moment since an independent corporation is regarded as "private" for these purposes even where the entity is a public creation, Gerena v. Puerto Rico Legal Services, Inc., 697 F.2d 447, (1st Cir. 1983) Moreover, [S]tate action may be found . . . only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.' " Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n., 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)). While it is true that a private individual or entity that is endowed by the State with powers or functions that are *governmental* in nature, can become agencies or instrumentalities of the State and subject to its constitutional limitations, Evans v. Newton, 382 U.S. 296, 299, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966), in order to meet the public function test, the function at issue must be both *traditionally* and *exclusively governmental*, Rendell-Baker v. Kohn, 457 U.S. 830, 842, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) (emphasis added).

Obviously, the operation of an institution of higher education is not an exclusively governmental function. Indeed, within Rhode Island and

throughout New England, the dominant model for post-secondary institutions has been and remains private.

The First Amendment prohibits [most] censorship of speech and other forms of expression by the government and the government alone. Plaintiffs make no claim that Defendants were acting in any way except on behalf of the College by enforcing standards pertaining to signage on the College's campus. It is the Plaintiff's mistaken assumption that the College and its agents are arms of or the alter ego of the state, an assumption repeatedly rejected by this court and the Court of Appeals. As Plaintiffs are without First Amendment rights vis a vis the College their claims against Defendants Nazarian and Penfield must fail as well.

For all of the above reasons, the Defendants pray that the Motion to Dismiss be granted.

Respectfully Submitted,

/s/Nicholas Trott Long, #2022
Counsel for the Defendants
101 Dyer Street, Suite 400
Providence, RI 02903
401-351-5070
401-454-8755
Nicholas@ntlong.com
nlong@ric.edu