UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WOMEN'S STUDIES ORGANIZATION OF RHODE ISLAND COLLEGE; Nichole Aguiar, individually and as President of the Women's Studies Organization; Sarah Satterlee, individually and as Vice-President of the Women's Studies Organization; Jennifer Magaw, individually and as Treasurer of the Women's Studies Organization,

Plaintiffs,

v.

RHODE ISLAND COLLEGE; John Nazarian, individually and in his capacity as President of Rhode Island College; Gary M. Penfield, individually and in his capacity as Vice President for Student Affairs of Rhode Island College,

Defendants.

C.A. No. 06-cv-525-S

DEFENDANTS' ANSWER TO COMPLAINT

Defendants hereby Answer the Complaint in this matter, according to the numbered paragraphs, as follows:

Introduction

1. This Paragraph makes no allegation of fact to which a response is required. To the extent that any allegation contained in this Paragraph could create or support liability on the part of any Defendant, such allegation is denied.

Parties

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied as stated. Rhode Island College is not a legal entity. Rhode Island College is an institution of higher education operated by the Rhode Island Board of Governors for Higher Education.

7. Admitted that John Nazarian is the President of Rhode Island College. Otherwise, the Paragraph makes no allegation of fact to which a response is required. To the extent that any other allegation contained in this Paragraph could create or support liability on the part of any Defendant, such allegation is denied.

8. Admitted that Gary M. Penfield is the Vice President for Student Affairs or Rhode Island College. Otherwise, the Paragraph makes no allegation of fact to which a response is required. To the extent that any other allegation contained in this Paragraph could create or support liability on the part of any Defendant, such allegation is denied.

9. This Paragraph makes no allegation of fact to which a response is required. To the extent that any other allegation contained in this paragraph could create or support liability on the part of any Defendant, such allegation is Denied.

## JURISDICTION

10. This Paragraph makes no allegation of fact to which a response is required. To the extent that any other allegation contained in this paragraph could create or support liability on the part of any Defendant, such allegation is Denied.

11. This Paragraph makes no allegation of fact to which a response is required. To the extent that any other allegation contained in this paragraph could create or support liability on the part of any Defendant, such allegation is Denied.

12. This Paragraph makes no allegation of fact to which a response is required. To the extent that any other allegation contained in this paragraph could create or support liability on the part of any Defendant, such allegation is Denied.

13. This Paragraph makes no allegation of fact to which a response is required. To the extent that any other allegation contained in this paragraph could create or support liability on the part of any Defendant, such allegation is Denied.

## PRELIMINARY STATEMENT

14. This Paragraph makes no allegation of fact to which a response is required. To the extent that any other allegation contained in this paragraph could create or support liability on the part of any Defendant, such allegation is Denied.

## FACTS

15. Denied as stated. Admitted that Plaintiffs planned to hold an event on the campus of RIC. Denied that the intention to erect the signs described in this paragraph constituted an "event." Upon information and belief, Plaintiffs did plan to erect a series of signs as described.

16. Admitted.

17. Admitted that the referenced form was completed and circulated and, as well, was noted as being approved by various individuals. Denied that the request was "approved" to the extent that the request was not consistent with College policies and standards.

18. Admitted that the director of the Student Union made statements generally consistent with the allegations in this paragraph. Denied that such statements constituted "assurances from the administration." In fact, the placement of such signs was not permitted by RIC policies and procedures.

19. Upon information and belief, Plaintiffs did prepare their own signs. Defendants are without sufficient information to admit or deny whether Plaintiffs used RIC resources in the preparation of such signs. Defendants are without sufficient information to admit or deny whether or not the preparation of such signs or their placement might be viewed, by persons other than Defendants, as endorsement, express or implied.

20. Admitted.

21. Defendants are without sufficient information to admit or deny what Plaintiffs' intentions were.

22. Admitted.

23. Denied as stated. The paragraph does not indicate a context in which the word "immediately" can be understood. However, Defendants do admit that the President had contact with the College's Department of Security and Safety and inquired regarding the signs. Admitted that the campus police indicated that the officer on duty advised that he was not aware of any permission being granted to erect such signs. The placement of signs and the location where Plaintiffs placed them was in violation of college policy and practice.

24. Denied as stated. The President directed that the signs be removed. However, this paragraph implies that the referenced signs were recklessly or negligently handled. To the extent that this paragraph so implies, such allegation is Denied. Defendants further state that the signs were removed and eventually returned to Plaintiffs.

25. Denied as stated. Defendant Penfield met with Plaintiffs on December 6th and on December 15th. Defendants Nazarian and Penfield met with Plaintiffs on December 15th.

26. Denied as stated. Admitted that the President explained to Plaintiffs that, to the extent that approval for erection of the signs was given, such approval was given in error, and further explained that the erection of signs of the nature and type which Plaintiffs erected was not permitted by College policy and practice.

27. Denied as stated. Plaintiffs were advised that only signs meeting the College's design standards that were directional in nature and placed at the end of College Road adjacent to Robert's Hall are permitted pursuant to the College policy and practice.

28. Denied as stated. It has long been the practice and policy of the College, in keeping with its Master Plan, to permit one sign only on College Road, which marks the entrance to the East Campus. At the small "park" in front of Robert's Hall, temporary directional signs, produced in conformity with College design standards are also permitted. On rare occasions, a banner produced by the College has been strung across College Road at the entrance to the campus to announce such events as "homecoming." Burma Shave-type signs have never been permitted along the side of the road. To the extent that signs not in conformity with the College's policies have been placed on one or more occasions over a period of one or more years, such placement has been in violation of College policy and has not been with the approval or consent with the College.

29. Denied.

30. Defendants are without sufficient information to admit or deny this paragraph.

31. Admitted in part. Subsequent to December 4, 2005, Plaintiffs sought on one occasion during the late winter of 2005-2006 to erect signs along College Road.

32. Assuming that this paragraph refers to the single instances referred to in the Answer to paragraph 31, Admitted. Otherwise, Denied.

33. Assuming that this paragraph refers to the single instance referred to in the Answer to paragraph 31, Admitted that Plaintiffs did complete a request form. Otherwise, Denied.

34. Denied in part and Admitted in part. Admitted that Plaintiffs were denied permission to erect signs along College Road for the reason set forth above. Denied to the extent that Plaintiffs were permitted to display signs inside and outside of the Student Union. Plaintiffs were also permitted to erect signs and posters throughout the campus on bulletin boards and on sandwich boards on the main college quadrangle. Plaintiffs were also offered a directional sign in the "park" in front of Robert's Hall consistent with the college's designs standards containing the words: "Keep Your Rosaries off our Ovaries."

35. Denied. The college had a formal policy as expressed in its Master Plan and Visual Design Standards as well as a longstanding practice of keeping College Road clear of signage. Upon information and belief, at certain times, signs may have been placed inconsistent with these policies and standards.

36. Denied as stated. It is possible that signs were placed, at various times, in violation of college policies and standards. However, Defendants do not believe that such placement, if any, was by permission of the college.

37. Denied.

38. Denied.

39. Admitted.

40. Denied.

41. Denied.

42. Denied. To the extent that the "College" has been aware of the unauthorized erection of signs described in this paragraph, the College has, upon information and belief, taken appropriate steps to have such signs removed.

43. Denied.

44. Denied. Defendants further state that Plaintiffs have been permitted free expression throughout much of the college's campus. Moreover, Defendants, in March, 2006 apologized to Plaintiffs for the initial removal of their signs, acknowledging that such "permission" as may have been given to erect the signs was given in error but, nevertheless, gave Plaintiffs a reasonable basis to believe that these signs were appropriate and approved for the locations when, in fact, the signs did not conform to College standards and policies.

45. Denied.

46. Denied as stated. To the extent that the referenced document contains language similar to that set forth in this paragraph, the document speaks for itself, but must be understood within the context of other documents, policies, standards and procedures.

47. Denied.

COUNT ONE: First Amendment, 42 U.S.C. Sec. 1983

48. Defendants incorporate paragraphs 1-47 as if set forth here.

49. Denied.

50. Denied.

51. Denied.

COUNT TWO: Article I, Sec. 21 Rhode Island Constitution

52. Defendants incorporate their Answers to paragraphs 1-51 as if set forth here.

53. Denied.

54. Denied.

COUNT THREE: Breach of Contract

55. Defendants incorporate paragraphs 1-54 as if set forth here.

56. Denied.

57. Denied.

58. Denied.

PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief sought.

FIRST AFFIRMATIVE DEFENSE

The Complaint in this matter fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

The claims and/or relief sought against some or all Defendants, in their individual or official capacities, are barred, in whole or in part, by the doctrines of absolute and/or qualified immunity.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrine of sovereign immunity.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs, or some of them, lack standing or legal capacity to sue.

DEFENDANTS CLAIM TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Defendants,
by their attorneys,

Date: March 6, 2007

/s/Jeffrey S. Michaelson
Jeffrey S. Michaelson, Esq. (#3299)
Michaelson & Michaelson
P.O. Box 622
North Kingstown, R.I. 02852
Telephone: (401) 295-4330
Facsimile: (401) 295-5220

/s/Timothy J. Dodd
Timothy J. Dodd, Esq. (#3150)
215 Broadway
Providence, R.I. 02903
Telephone: (401)272-3900
Facsimile: (401)331-1440

CERTIFICATION

I hereby certify that a true and accurate copy of the foregoing document was served, by first class mail, on this 6 day of March, 2007, to the following attorney(s) of record:

Jennifer Azevedo
DELUCA & WEIZENBAUM, LTD.
199 North Main Street
Providence, RI 02903

/s/Jeffrey S. Michaelson