**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WOMEN'S STUDIES ORGANIZATION OF RHODE ISLAND COLLEGE; Nichole Aguiar, individually and as President of the Women's Studies Organization; Sarah Satterlee, individually and as Vice-President of the Women's Studies Organization; Jennifer Magaw, individually and as Treasurer of the Women's Studies Organization,** | : | **C.A. No. 06-525(S)** |
| **Plaintiffs,** | : | |
| **v.** | : | |
| **RHODE ISLAND COLLEGE; John Nazarian, individually and in his capacity as President of Rhode Island College; Gary M. Penfield, individually and in his capacity as Vice President for Student Affairs of Rhode Island College,** | : | |
| **Defendants.** | : | |

**PLAINTIFFS' PRETRIAL CONFERENCE STATEMENT**

This is a Complaint for Declaratory Judgment, pursuant to Fed. R. Civ. P. 57, brought by the Women's Studies Organization, an unincorporated student organization at Rhode Island College, and three student officers of that organization. The claims, against the College, the President and the Vice-President of the College, are based upon 42 U.S.C. Section 1983 and the First Amendment of the United States Constitution, alleging infringement of Plaintiffs' right to free expression. Plaintiffs seek a declaration that the Defendants have violated Plaintiffs' right to freedom of expression, as guaranteed by the First Amendment to the United States Constitution. Additionally, Plaintiffs seek damages to redress the violations of their constitutional rights.

Specifically, in late 2005, Plaintiffs planned an event involving expression of the group's views on reproductive freedom. The plan involved putting up a "Burma shave" series of six signs on a grassy area beside the entrance road on RIC property. The signs were to state, progressively, "Keep your rosaries off our ovaries", "Our bodies, our choice", "Brought to you by RIC Women's Studies Organization." Despite compliance with the College's administrative approval process for the event, President Nazarian had the signs removed upon learning of their existence by a Catholic priest presiding over a weekly mass at his home.

Following this incident, Plaintiffs were notified of "additional" approval stages with which they had not complied, although Plaintiffs had previously been informed they had followed all necessary steps. The Plaintiffs were further advised by President Nazarian that only college-made signs, directional in nature only, were allowed along the entrance road to the College. However, at the time of this incident, RIC did not have any formal policy with regard to the creation, placement, or content of signs to be placed at the entrances to RIC. Moreover, the areas along the side of both entrances to the RIC campus (Fruit Hill Avenue and Mount Pleasant Avenue) had been utilized many times, over a period of years, for temporary signs relating to events, issues, and expression.

In the early part of 2006, Plaintiffs attempted once again to express its message regarding reproductive freedom. Once again, the request form was completed, but the College added a new, handwritten check-off line to the standard form. The new notation was for approval by "Administration." Regrettably, such approval was not forthcoming despite repeated attempts by Plaintiffs to resolve any compliance issues with Defendants. Again, at the time of this incident, RIC did not have any formal policy with regard to the creation, placement, or content of signs to be placed at the entrances to RIC.

Ultimately, at the start of the 2006-2007 academic year, the College instituted a formal sign policy. However, the new policy does not set out any criteria by which the College Administration may approve or reject a sign request. Moreover, the areas along the entrances to the RIC campus (Fruit Hill Avenue and Mount Pleasant Avenue) continue to be utilized in a manner inconsistent with the new policy by various students, organizations, and the College itself by the placement of a variety of temporary signs relating to events, issues, and expression, including but not limited to, numerous political signs that were erected during the 2006 election season.

Among the rights protected by the First Amendment to the United States Constitution is the right to expression free from governmental restraint. Section 1983 guards against violations of federal rights by state actors, of which Rhode Island College is one. 42 U.S.C. § 1983. Indeed, the Unites States Supreme Court has recognized that "state colleges and universities are not enclaves immune from the sweep of the First Amendment." Healy v. James, 408 U.S. 169, 180 (1972). By allowing members of the College (and even those outside the College) to utilize the areas beside the entrances to the College for expressive activity, the College created a limited public forum. See Perry Education Assn. v. Perry Local Educators' Assn., 460 U.S. 37, 45-46 (1983); New Engl. Reg'l Council of Carpenters v. Kinton, 284 F.3d 9, 20-21 (1st Cir. 2001). As such, any restriction(s) upon that expression by the College were required to be content-neutral and/or narrowly tailored to serve some substantial governmental interest. Perry, 460 U.S. at 45-46; Kinton, 285 F.3d at 20. The new sign policy, enacted by RIC in the fall of 2006, appears to eliminate the use of these areas along the entrances to the College as limited public forums. However, as that policy has failed to be enforced, or is enforced selectively, RIC continues to deny Plaintiffs (and others) the right to free expression.

The actions of Rhode Island College resulted in the Plaintiffs suffering the loss of their chosen opportunity for expression and a denial of their right to speak freely in a limited public forum. Moreover, to the extent that the College continues to employ its discretion over the content and views expressed along the entrances to RIC, the actions have a chilling effect on the exercise of the First Amendment right to free expression by Plaintiffs and other members of the College.

Respectfully submitted,
On behalf of Plaintiffs,
By and through their attorney,

/s/ Jennifer Azevedo
____________________________
Jennifer Azevedo, Esq. (#6462)
Cooperating Attorney
Rhode Island Affiliate
American Civil Liberties Union
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903
Tel. (401) 453-1500
Fax (401) 453-1501
jzevedo@delucaandweizenbaum.com

Dated: April, 6, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2007, a true and accurate copy of the foregoing Plaintiffs' Pretrial Conference Statement was served upon counsel of record, listed below, by electronic mail.

/s/ Jennifer Azevedo
______________________________
Jennifer Azevedo, Esq. (#6462)

Jeffrey S. Michaelson, Esq.
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, RI 02852
jeffmichaelson@cox.net